**FINAL REPORT[1]**

**Recommendation 1-2019, Minor Court Rules Committee**

*Amendment of Pa.R.C.P.M.D.J. Nos. 209, 304, 403, 410, 503, 515, and 516*

Attachment of Non-military Service Affidavit to Complaint

## I.      Introduction

The Minor Court Rules Committee ("Committee") recommended amendments to Rules 209, 304, 403, 410, 503, 515, and 516 of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges ("Rules"). These changes provide for the attachment of a non-military service affidavit to complaints in order to ensure that an eligible defendant receives the protections afforded by the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.* ("Act").

## II.      Background and Discussion

The Committee received inquiries regarding the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.* ("Act"). Specifically, the Committee was asked how the Act's requirement that a plaintiff file an affidavit regarding the defendant's military service with a court prior to the entry of a default judgment was addressed in the Rules. Under the Act, in any civil action or proceeding in which the defendant does not make an appearance, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit stating whether or not the defendant is in military service, or that the plaintiff is unable to determine whether or not the defendant is in military service. *See* 50 U.S.C. § 3931(b)(1). The plaintiff's affidavit must state facts supporting the assertions regarding the defendant's military status. *Id.* The Act also provides protections for servicemembers in landlord tenant matters. *See* 50 U.S.C. § 3951.

The definition of "court" under the Act is defined broadly enough to encompass the magisterial district courts. "The term 'court' means a court or administrative agency of the United States or of any State (including any political subdivision of a State), whether or not a court or administrative agency of record." *See* 50 U.S.C. § 3911(5). However, current procedural rules for the magisterial district courts do not address attaching an affidavit regarding military service to the complaint, request for entry of judgment, or request for order of possession. The only current references to the Act in the Rules are in Rules 209 (Continuances and Stays), 403 (Order of Execution), and 410 (Stay of

---

[1] The Committee's Final Report should not be confused with the Official Notes to the Rules. Also, the Supreme Court of Pennsylvania does not adopt the Committee's Official Notes or the contents of the explanatory Final Reports.

Execution).  These rules cross-reference the Act as a basis for stays, but do not address the affidavit set forth in the Act.

The Committee considered how to implement the requirements of the Act.  It determined that requiring the plaintiff to attach the affidavit to the complaint was the best way to ensure compliance with the Act, as the court will have the affidavit before entering a default judgment for the plaintiff if the defendant does not appear at the hearing. Additionally, under Rule 319B, there are circumstances where the magisterial district judge may enter judgment for the plaintiff, even if neither party appears for the hearing. Having the affidavit prior to the hearing will permit the magisterial district court to move forward with the default judgment without having to obtain it belatedly from the plaintiff.

## III.    Rule Changes

Rules 304D and 503C are amended to require a plaintiff to attach an affidavit to the complaint setting forth facts that the defendant is in military service, that the defendant is not in the service, or that the plaintiff is unable to determine whether or not the defendant is in the service.  Rules 515 and 516 are amended to parallel existing references to stays pursuant to federal and state law in Rules 403 and 410.  Finally, statutory references in Rules 209, 403, 410, and 515 were updated and stylistic changes were made throughout the Rules.